UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

_____

PETER INNES and VICTORIA
SOLENNE INNES, by her Guardian,
PETER INNES

         Plaintiffs,

     v.

ST. PAUL FIRE AND MARINE
INSURANCE COMPANY, and
TRAVELERS COMPANIES, INC.

         Defendants.
_____

Honorable Cathy L. Waldor

Civil Action No. 12-234 (ES-CLW)

**REPORT AND RECOMMENDATION**

This matter comes before the Court upon the motion filed by Victoria Sollenne Innes, through her guardian Peter Innes, and joined by Peter Innes, in his individual capacity, (collectively "Plaintiffs") to remand the pending matter to the Superior Court of New Jersey, Law Division, Bergen County. (Docket Entry No. 9, the "Remand Motion"). Plaintiffs filed the Remand Motion on February 10, 2012, claiming a lack of diversity jurisdiction under 28 U.S.C. §1332. On that same day, United States District Judge Esther Salas referred the Remand Motion to me for Report and Recommendation. This Court, having considered the parties' submissions, decides this motion without oral argument, pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court respectfully recommends that the Remand Motion be **DENIED**.

**I.     BACKGROUND**

This action arises out of Plaintiffs' efforts to collect a state court judgment entered on their behalf, resulting from legal malpractice. By way of background, Plaintiff Peter Innes is the

1

father of Victoria Solenne Innes, date of birth April 17, 2000.  (Docket Entry No. 1, Complaint, ("Compl.") at ¶ 2).  Plaintiff Innes separated from Victoria Solenne's mother, Maria Jose Carrascosa, in the Spring of 2004.  (Id. at ¶ 3).  Thereafter, Innes and Carrascosa entered into an agreement and subsequent litigation regarding their divorce and custody action.  (Id. at ¶ 5).  These proceedings ultimately resulted in a suit by the Plaintiffs' against Ms. Carrascosa's one time attorneys, Lesnevich and Marzano-Lesnevich, LLC, and attorney Madeline Marzano-Lesnevich, Esq. (collectively "Lesnevich").  (Id.).

On May 10, 2011 Plaintiffs obtained a jury verdict and judgment against Lesnevich, both citizens of New Jersey, in the Superior Court of New Jersey, Law Division, Bergen County.  (Id. at ¶ 9).  The Superior Court entered a judgment for Plaintiffs in the aggregate amount of $950,000.  (Id.).  The amount was increased to $1,131,606.16 after prejudgment interest.  (Id.).  The judgment was further enhanced by a counsel fee award to Plaintiffs' attorneys, increasing the judgment against Lesnevich to $1,416,520.93.  (Id. ¶ 10).  The judgment remains outstanding and uncollected.  (Id. ¶ 12).

At all times relevant hereto, Madeline Marzano-Lesnevich, Esq., and her firm, were covered by a professional malpractice policy issued by Defendant, Saint Paul Fire and Marine Insurance Company ("St. Paul"), with a policy limit of $1,000,000.  (Id. at ¶ 7).  St. Paul is a member of Defendant Travelers Companies, Inc. ("Travelers").  (Id.).  St. Paul and Travelers are Connecticut corporations with their principal places of business in Connecticut. (Motion at 1).

On October 5, 2011, Plaintiff Peter Innes, individually and on behalf of his minor daughter, Victoria Sollenne Innes, filed the present complaint with the Superior Court of New Jersey, Law Division, Bergen County, seeking to hold Defendants liable for the full judgment against Lesnevich.  (Compl. at ¶ 18).  Plaintiffs argue that they are third-party beneficiaries of

the professional malpractice insurance policy Defendants issued to Lesnevich. (Id.). Therefore, Plaintiffs submit that they are entitled to said policy's proceeds to satisfy the outstanding judgment against Lesnevich. (Id.). On January 12, 2012, Defendants filed a Notice of Removal in this Court, pursuant to 29 U.S.C. §§ 1441 and 1446, on the grounds that this Court has proper diversity jurisdiction because Plaintiffs are citizens of New Jersey and Spain, respectively, and St. Paul and Travelers are citizens of Connecticut. (Docket Entry No. 1, the "Removal Notice").

On February 10, 2012, Plaintiffs filed the instant Remand Motion pursuant to 29 U.S.C. § 1447(c). Plaintiffs claim that this Court lacks diversity jurisdiction because St. Paul and Travelers, as Lesnevich's insurers, must be deemed citizens of New Jersey pursuant to the "direct action" provision of 28 U.S.C. §1332(c)(1). (Remand Motion at 3). On March 5, 2012, Defendants filed a brief in opposition, contending that Plaintiffs' action is not a "direct action" within the meaning of 28 U.S.C. §1332(c)(1) and that Defendants, therefore, should not be considered citizens of New Jersey. Plaintiffs did not file a reply.

## II.   LEGAL STANDARD

As a preliminary matter, a district court has diversity jurisdiction where the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). A defendant may remove a plaintiff's state court claim to federal court, under 28 U.S.C. § 1441, on the grounds of diversity jurisdiction. Following removal, a plaintiff may seek to remand the action back to state court, based on an alleged absence of diversity jurisdiction. 28 U.S.C. § 1447(c). A defendant who opposes remand must show that removal was proper. Boyer v. Snap-On Tools Corp., 913 F.2d 108, 111 (3d Cir. 1990), cert. denied, 498 U.S. 1085 (1991).

The Third Circuit has held that "the party asserting federal jurisdiction in a removal case bears the burden of showing, at all stages of the litigation, that the case is properly before the

federal court." Frederico v. Home Depot, 507 F.3d 188, 193 (3d Cir. 2007) (citing Samuel-Bassett v. KIA Motors Am., Inc., 357 F.3d 392, 396 (3d Cir. 2004)).  In the present action, therefore, Defendants bear the burden of proving that this Court has diversity jurisdiction over the Complaint.

**III.     ANALYSIS**

The appropriateness of Defendants' removal depends upon whether or not Defendants are deemed citizens of New Jersey.  Typically, a corporation is considered a citizen of both the state in which it was incorporated and the state in which it has its principal place of business.  28 U.S.C. §1332(c)(1).  However, Section 1332(c)(1) states in pertinent part that "in any direct action against the insurer of a policy or contract of liability insurance [] to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of every State [] of which the insured is a citizen[.]"  Id.  In the present action, both St. Paul and Travelers are incorporated in Connecticut and have their principal places of business in Connecticut.  (Notice of Removal at ¶ 5).  Therefore, generally, Defendants would be considered citizens of Connecticut for purposes of diversity jurisdiction.  However, should the "direct action" provision of 28 U.S.C. §1332(c)(1) apply, Defendants would be attributed Lesnevich's  New Jersey citizenship and diversity would thus be destroyed.  Accordingly, this Court must determine whether said "direct action" provision is applicable here.

The purpose of the "direct action" provision, as explained in the legislative report accompanying the 1964 amendment to 28 U.S.C. §1332(c)(1), informs its application.  In 1964, Congress was moved to respond to new Louisiana and Wisconsin statutes which allowed an injured party to pursue a direct action against a tortfeasor's insurer without first suing the tortfeasor.  See S.Rep. No. 88-1308, at 2779 (1964).  As a consequence of Louisiana's enactment

of the statute, the United States District Court for the Eastern District of Louisiana became venue to a substantial number of suits where both the plaintiff and the tortfeasor were citizens of Louisiana, but the insurer – the defendant whom the plaintiff could now pursue directly – was incorporated and headquartered elsewhere.  Id.  Holding that such suits "do not come within the spirit or the intent of the basic purpose of the diversity jurisdiction of the Federal judiciary system," Congress acted to eliminate diversity jurisdiction in such cases by deeming the insurer a citizen of the tortfeasor's state of citizenship.  Id.  See White v. United States Fidelity and Guaranty Co., 356 F.2d 746 (1st Cir. 1966); Velez v. Crown Life Ins. Co., 599 F.2d 471, 473 (1st Cir. 1979).

However, the "direct action" provision of 28 U.S.C. §1332(c)(1) does not apply without limit.  Courts in this Circuit have found that the "direct action" provision only applies when a plaintiff brings a "direct action against the insurer."  State Farm Ins. Co. v. Evans, 712 F.Supp. 57, 58 (E.D.Pa.1989).  Here, Plaintiffs argue that the present action is a direct action between an injured party and the tortfeasor's insurer.  (Remand Motion at 3).  That is, Plaintiffs have brought an action directly against St. Paul and Travelers.  Therefore, Plaintiffs contend Defendants must be deemed citizens of New Jersey because Lesnevich, the insured tortfeasor, is a citizen of New Jersey.  Id.

Plaintiffs' argument misses the mark.  Specifically, Plaintiffs fail to acknowledge that their previously-obtained judgment against Lesnevich calls into question whether the present action can be appropriately classified as a direct action.  In fact, courts in this District have plainly and unequivocally rejected Plaintiffs' argument.  In Moorehead v. Natl. Union Fire Ins. Co. of Pittsburgh, plaintiff, a New Jersey resident and citizen, brought suit against two legal services providers, also New Jersey citzens, alleging legal malpractice.  2007 WL 2790768, at *1

(D.N.J., Sept. 24, 2007). Thereafter, the Superior Court entered judgment against said providers due to their negligence in rendering professional legal services to plaintiff. Id. Plaintiff later filed a complaint with the Superior Court of New Jersey, Law Division, Monmouth County, seeking to hold National Union, the professional liability insurer of the legal service providers, liable for the unpaid portion of the state court judgment. Id. National Union is a Pennsylvania corporation with its principal place of business in New York. National Union removed plaintiff's action to the District Court pursuant to 28 U.S.C. § 1446. Plaintiff promptly filed a motion to remand the action to the state court, arguing, in part, that National Union, as the providers' insurer, must be deemed a citizen of New Jersey pursuant to 28 U.S.C. § 1332(c)(1). The Court rejected this argument and found the "direct action" provision was not triggered. Id. at *4. Specifically, Judge Pisano ruled:

> Within the meaning of the statute, the term "direct action" includes those cases in which a party suffering injuries or damages for which another is legally responsible is entitled to bring suit against the other's liability insurance without joining the insured or *first obtaining a judgment against him* . . . . [Here,] plaintiff has already obtained a judgment against the insured parties . . . and is seeking an enforcement of that judgment here. [Accordingly,] the Court holds that jurisdiction is met under the requirements of 28 U.S.C. § 1332[.]

Moorehead, 2007 WL 2790768, at *4 (internal citations omitted) (emphasis added).

This Court similarly finds that the present action is not a "direct action" within the meaning of 28 U.S.C. §1332(c)(1). In the instant matter, Plaintiffs have already obtained a judgment against Lesnevich in the underlying legal malpractice action in the Superior Court of New Jersey. (Compl. at ¶ 9). Now, Plaintiffs are attempting to enforce said judgment against Defendants - Lesnevich's insurer - actions akin to the plaintiff in Moorehead. Moorehead, 2007 WL 2790768, at *4. Such an action for enforcement of an underlying judgment against an insurer does not constitute a "direct action" under § 1332(c)(1) and Defendants properly

removed this action to this Court. See Stockton v. General Accident Ins. Co., 897 F.2d 530, 1990 WL 20477, at *3 (6th Cir. Mar. 6, 1990) ("[T]he term 'direct action'' . . . . means an action that under applicable state law may be brought directly against the insurer by the tort claimant *prior to entry of any judgment against the alleged tortfeasor*.") (emphasis added).

In sum, this Court finds that Defendants should not be deemed citizens of New Jersey and that the diversity jurisdiction requirements of 28 U.S.C. §1332 are satisfied. As such, Defendants properly removed the action to this Court.

## IV.   CONCLUSION

For the forgoing reasons, this Court respectfully recommends that Plaintiffs' Remand Motion be **DENIED**. Pursuant to L. Civ. R. 72.1(c)(2), the parties have fourteen (14) days from receipt hereof to file and serve objections.

*s/Cathy L. Waldor*
**CATHY L. WALDOR**
**United States Magistrate Judge**

**Dated**: August 2, 2012